UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff,<br><br>vs.<br><br><br>VAL DEMARS<br><br>Defendant. | 5:15-mj-00130-DW<br><br><br>ORDER DENYING DEFENDANT'S MOTION TO DISMISS VIOLATION NOTICES |

Defendant Val DeMars filed a motion to dismiss his criminal chages. (Doc 23). Mr. DeMars raises four arguments that his tickets should be dismissed. First, he argues that his conduct did not violate the statutes charged. Second, Mr. DeMars argues that his actions were performed in good faith and pursuant to public authority. Third, Mr. DeMars argues that his civil rights were violated. Fourth, he argues that he was illegally cited and targeted by law enforcement who were acting under an improper Delegation of Authority. (Doc. 23). In support of the motion, Mr. DeMars submitted a declaration of Val H. DeMars (Doc. 25) and an amended memorandum in support thereof. (Doc. 30). The United States opposes the motion. (Doc. 31).

1. **Whether the conduct charged falls within the language of the cited statutes.**

Mr. DeMars largely relies upon alleged facts which are set forth in his memorandum and declaration to assert that his conduct did not violate 36 C.F.R. § 261.10(a) and § 261.12(d). "A facially valid [charging document] ordinarily will survive a motion to dismiss for failure to state an offense without further inquiry. A court cannot dismiss [a charging document] based on 'predictions as to what the trial evidence will be;' instead it must give the Government the opportunity to present its

evidence." United States v. Marrowbone, 102 F. Supp. 3d 1101, 1104–05 (D.S.D. 2015)(quoting United States v. Ferro, 252 F.3d 964, 968 (8th Cir.2001); United States v. DeLaurentis, 230 F.3d 659, 661 (3rd Cir.2000)).  The United States disputes Mr. DeMars' recitation of the facts.  The case must proceed to trial in order for the factual disputes to be resolved by the trier of fact.  Accordingly, the motion to dismiss on the grounds that the violation notices failure to state an offense is denied.

Mr. DeMars asserts a facial challenge to the regulation found in 36 C.F.R. § 261.10(a) arguing that it is "broad and vague." (Doc. 30).  It appears that Mr. DeMars also argues that regulation runs afoul of the First Amendment.

Generally, an individual may not challenge a statute on the ground that it is unconstitutional as applied to parties and circumstances not before the court.  See Broadrick v. Oklahoma, 413 U.S. 601, 610 (1973).  "The First Amendment doctrine of overbreadth is an exception" to this general rule.  Virginia v. Hicks, 539 U.S. 113, 118 (2003).  If a law punishes "a substantial amount of protected free speech, judged in relation to the statute's plainly legitimate sweep," all enforcement of that law is invalidated "until and unless a limiting construction or partial invalidation so narrows it as to remove the seeming threat or deterrence to constitutionally protected expression." Hicks, 539 U.S. at 118-19 (internal quotations omitted) (citations omitted).  The purpose of this "expansive remedy" is the Court's concern that "the threat of enforcement of an overbroad law may deter or chill constitutionally protected speech—especially when the overbroad statute imposes criminal sanctions." Hicks, 539 U.S. at 119.

Mr. DeMars carries the burden of demonstrating that a statute is unconstitutionally overbroad.  Hicks, 539 U.S. at 122.  Mr. DeMars must demonstrate that "the enactment reaches a substantial amount of constitutionally protected

conduct." Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc., 455 U.S. 489, 494 (1982).  The key question is "whether the ordinance sweeps within its prohibitions what may not be punished under the First and Fourteenth Amendments." Grayned v. City of Rockford, 408 U.S. 104 (1972). Moreover if the law is not intended to proscribe activities related to or associated with speech, then it will likely not be invalidated on the basis of overbreadth.  Hicks, 539 U.S. at 124.

A statute that does not substantially burden speech will rarely be invalidated under the overbreadth doctrine.  Hicks, 539 U.S. at 122.  The regulations in question, 36 C.F.R. § 261.10(a) and § 261.12(d) neither targets speech and nor prohibits conduct related to speech.  Therefore, Mr. DeMars DeMars has failed to meet his burden to demonstrate that the regulations are overbroad.

Challenges to statutes on the basis of vagueness implicate the Fifth and Fourteenth Amendments guarantee of the right to due process.  United States v. Washam, 312 F.3d 926, 929 (8th Cir. 2002) (citing Connally v. Gen. Contr. Co., 269 U.S. 385, 391 (1926)).  "It is a basic principle of due process that an enactment is void for vagueness if its prohibitions are not clearly defined." Grayned v. City of Rockford, 408 U.S. 104, 108-09 (1972).  A criminal statute may be void for vagueness if (1) it fails to "define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and [(2)] in a manner that does not encourage arbitrary and discriminatory enforcement." Myers, 857 N.W.2d at 599 (quoting Kolender v. Lawson, 461 U.S. 352, 357 (1983)).

A statute will be held unconstitutionally vague if the "forbidden conduct is so poorly defined that persons of common intelligence must necessarily guess at its meaning and differ as to its application." Planned Parenthood Minnesota, North Dakota, South Dakota v. Daugaard, 799 F.Supp.2d 1048, 1067 (D.S.D. 2011).  A

court must consider "whether the statute affords notice to citizens as to what conduct is prohibited and whether it establishes minimal guidelines to govern law enforcement so as not to allow policemen, prosecutors, and juries to pursue their personal predilections."  Kolender v. Lawson, 461 U.S. 352, 358 (1983); Smith v. Goguen, 415 U.S. 566, 574-75 (1974)).   Here, the prohibitions are clearly defined so that ordinary people can understand what conduct is prohibited.  Mr. DeMars argues at length that the regulation prohibits permanent fixtures; while his conduct is exempt because his fixture was of a temporary nature.  (Doc. 30, pp. 7-8).  However, the regulation does not differentiate between temporary and permanent improvements.  The language of the regulation does not encourage arbitrary and discriminatory enforcement.  Therefore, Mr. DeMars has failed to meet his burden to demonstrate that the regulations are unconstitutionally vague.

  **2.**  **Public Authority**

Mr. DeMars next argues that the citations should be dismissed because he performed the actions with public authority.  While the defense of public authority is an affirmative defense to criminal charges, dismissal is not warranted until admissible evidence has been presented and weighed by the court.  Therefore, dismissal on this ground, at this juncture, is improper.

  **3.**  **Civil Rights Violations**

Mr. DeMars argues that he, along with other members of the Rainbow Family Gathering, were targeted by law enforcement and their civil rights were violated.  Mr. DeMars sets forth a lengthy dissertation of historical facts detailing prior dealings with the Forest Service.  Mr. DeMars relies upon inadmissible evidence of alleged civil rights violations as the grounds for dismissal of his criminal charges.  Mr. DeMars fails to cite any authority which would support such a proposition.  Local Rule 47.1C

requires the movant to cite authorities which support the motion.  There has been no showing by Mr. DeMars that pretrial dismissal of the criminal charges is the appropriate remedy.

### 4. Judicial Review under the Administrative Procedures Act

Mr. DeMars argues that law enforcement did not have the authority to issue the citations, and therefore his charges should be held void and dismissed.  He argues that the court's authority to dismiss the criminal charges is pursuant to the Administrative Procedures Act.  5 U.S.C. § 706.  This argument is without merit.  In order to invoke judicial review of an administrative proceeding, a party must have exhausted his administrative remedies.  Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 881 (1990).  There has been no showing that Mr. DeMars has exhausted his administrative remedies and therefore has waived his right to judicial review.  "He may not now circumvent the APA's exhaustion requirement by collaterally attacking the agency decision as a defense in this criminal proceeding."  United States v. Backlund, 689 F.3d 986 (9th Cir. 2012).

### ORDER

Based on the above analysis, it is

ORDERED that defendant's motion to dismiss (Doc. 23) is denied.

Dated August 3, 2016.

BY THE COURT:

_[signature]_

DANETA WOLLMANN
MAGISTRATE JUDGE